**DIRECTV, INC. Plaintiff,**

v.

**Tony AMATO, Defendant.**

**No. CIV. 3:03CV355.**

United States District Court, E.D. Virginia, Richmond Division.

June 20, 2003.

Paul Granville Watson, IV, Sandra Kay Snead, McGuireWoods LLP, Richmond, VA, for Plaintiff.

Michael Joseph Kelly, Kelly & Kelly PLC, Bouldres II, Richmond, VA, for Defendant.

## *MEMORANDUM OPINION*

HUDSON, District Judge.

This case is currently before the Court on Defendant's Federal Rule of Civil Procedure [hereinafter "Rule"] 12(b)(6) Motion to Dismiss Count III of the Complaint for failure to state a claim on which relief can be granted. Plaintiff filed a timely response, and pursuant to Rule 7(D) of the Local Rules of the United States District Court for the Eastern District of Virginia, the parties consented to submit the motion for determination on the pleadings.

### I. Causes of Action

In the immediate case, Plaintiff, DIRECTV, Inc. ("Plaintiff"), alleges that Defendant Tony Amato ("Amato"), a Virginia resident, illegally purchased a Terminator Bootloader on August 6, 2001, allowing him to pirate Plaintiff's satellite broadcasts in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, the Electronic Communications Privacy Act ("the Wiretap Act"), 18 U.S.C. §§ 2510, *et. seq.*, and the Virginia Computer Crimes Act, Virginia Code §§ 18.2–152.1–152.14.

Specifically, Plaintiff seeks to recover civilly for losses it incurred due to Amato's alleged commission of four criminal acts. First, Plaintiff avers that Amato in-

tentionally received satellite transmissions, via Pirate Access Devices, without authorization by or payment to DIRECTV in violation of 47 U.S.C. § 605(a) & (e)(4) (Count I). Second, Plaintiff accuses Amato of intentionally and illegally intercepting or endeavoring to intercept, via pirated decryption devices, Plaintiff's satellite transmissions of television broadcasting in violation of 18 U.S.C. § 2511(1)(a) (Count II). Third, Plaintiff charges that Amato possessed and used Pirate Access Devices sent through the mail or transported in interstate commerce in violation of 18 U.S.C. § 2512(1)(b) (Count III). And finally, Plaintiff contends that Amato intentionally and illegally used a computer to convert to his own use and benefit property belonging directly to Plaintiff and to wrongfully obtain computer services in violation of Virginia Code §§ 18.2–152.3 & –152.6 (Count IV).

## II. Discussion

### A. Jurisdiction and Venue

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 based on federal questions involving alleged violations of the aforementioned federal communications acts. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367. Venue is appropriate because each of the allegations arises out of events that occurred within the Eastern District of Virginia.

### B. Standard of Review

A dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted should only be awarded when "it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief."*Martin Marietta Corp. v. International Telecomm. Satellite Org.*, 991 F.2d 94, 97 (4th Cir.1992) (quoting

*Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *accord McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir.1996) (*en banc*). A court reviewing such a motion must accept the complaint's factual allegations as true and view the allegations in the light most favorable to the nonmoving party. *Martin Marietta,* 991 F.2d at 97 (citing *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404, (1969)). *See also Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Mylan Lab., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993).

## III. Analysis

Defendant denies each of the accusations lodged against him. He also moves the Court to dismiss Count III of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support of his motion, Amato cites *Flowers v. Tandy Corp.,* 773 F.2d 585 (4th Cir.1985), wherein the Fourth Circuit held that although 18 U.S.C. § 2520 (" § 2520") creates a private cause of action for criminal violations of 18 U.S.C. § 2511 ("§ 2511"), it does not do the same for violations of 18 U.S.C. § 2512 ("§ 2512"). *Flowers,* 773 F.2d at 589. Plaintiff urges the Court to deny Defendant's motion, arguing that § 2520 has been amended so as to supplant *Flowers.* Thus, the issue before this Court is what, if any, vitality *Flowers* has retained since Congress last amended § 2520.

From the outset, this analysis requires a careful study of the Fourth Circuit's decision in *Flowers.* There, the key issue before the Court was whether § 2520 provided a private cause of action, either expressly or impliedly, for violations of the criminal proscriptions of § 2512. According to the then-existing language of

§ 2520, the Fourth Circuit ruled that it did not.

At the time *Flowers* was decided, § 2520 provided, in pertinent part:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person . . . .

18 U.S.C. § 2520(a).

Reviewing the language of § 2520 as it was then-written, the *Flowers* Court determined that "[t]he express language of § 2520[was] . . . not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512" because § 2520 "expressly limits [the class of persons] against whom the private action lies to the person who 'intercepts, discloses, or uses . . . such communications.'" *Flowers*, 773 F.2d at 588. Moreover, the Court opined, "implied causes of action are disfavored and should be found only where a statute clearly indicates that the plaintiff is one of a class for whose benefit the statute was enacted and there is some indication that Congress intended such a cause of action to lie." *Id.* at 589 (citations omitted).

The Court then compared § 2511 to § 2512, both of which are relevant to the immediate case. In so doing, the Court found that although § 2520 expressly established a private cause of action for the victims of § 2511, the only victims resulting from violations of § 2512 were the general public. To that end, the Court stated:

Though any criminal statute is in part enacted for the benefit of the victims of the crime, § 2512 appears to have been designed for benefitting the public as a whole by removing such devices from the market. Section 2511, which makes criminal the actual practice of wiretapping, is more properly aimed at protecting the particular victim, and indeed, Congress recognized that purpose by expressly providing in § 2520 a private cause of action for victims of acts made criminal in § 2511.

*Id.* Thereafter, the Court held that " § 2512 provides by implication no private cause of action against the seller or manufacturer of a device primarily used for wiretapping." *Id.*

After *Flowers*, Congress amended § 2520 three times.[1] Through these amendments, the legislature expanded the statute's language to add electronic communications to those means of eavesdropping already prohibited. It also added instructions on the computation of damages and the statute of limitations. Additionally, and most relevant to this motion, Congress altered the first paragraph of the statute, so that it currently reads:

Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter [18 U.S.C.S. §§ 2510 *et. seq.*] may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a).

A careful comparison of the former and current versions of § 2520 reveals only one significant difference that impacts upon

---

**1.** *See* Act of Oct. 21, 1986, Pub.L. No. 99–508, § 103, 100 Stat. 1854; Act of Oct. 26, 2001, Pub.L. No. 107–56, § 223(a), 115 Stat. 293; Act of Nov. 25, 2002, Pub.L. No. 107–296, § 225(e), 116 Stat. 2157.

the *Flowers* outcome. In 1986, Congress removed the language "or procures any other person to intercept, disclose, or use such communications." Consequently, the victim of any such crime can no longer utilize § 2520 to sue the maker or seller of an otherwise lawful device that is later used to commit a crime. This amendment takes care of the Fourth Circuit's concern, articulated in *Flowers*, for third party liability. With respect to *that* narrow issue, the current version of § 2520 admittedly supersedes *Flowers*.

Plaintiff urges this Court to find that, in its current form, § 2520 has been expanded to create a private cause of action for each and every violation of the Wiretap Act. In support of its argument, Plaintiff relies on four United States District Court cases wherein the courts denied Rule 12(b)(6) motions to dismiss similar to the one filed here. *See Oceanic Cablevision, Inc. v. M.D. Elec.,* 771 F.Supp. 1019 (D.Neb.1991); *DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077 (C.D.Cal.2002); *DIRECTV, Inc. v. Calamanco,* No. C 02–4102–MWB (N.D.Iowa Jan. 21, 2003); *DIRECTV, Inc. v. Garcia,* No. 03–20452–CIV (S.D.Fla. May 21, 2003).

Of the four cases Plaintiff cites, however, only two consider the *Flowers* decision. *See EQ Stuff,* 207 F.Supp.2d at 1084; *Garcia,* 03–20452–CIV at 5. From the two courts that considered *Flowers,* the *EQ Stuff* court found, without giving any particular reason, that *Flowers* was "unpersuasive." *EQ Stuff,* 207 F.Supp.2d at 1084 n. 8. Of course, that observation is of little worth here considering that *Flowers* is binding upon this Court.

The *Garcia* court, on the other hand, seized upon and distinguished the facts before it from this Fourth Circuit dictum, "[T]he express language of § 2520 is . . . not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in vio-

lation of § 2512 but does not engage in conduct violative of § 2511." *Garcia,* 03–20452–CIV at 5 (quoting *Flowers,* 773 F.2d at 589). The court reasoned that because the plaintiff alleged not only possession of such a device, in violation of § 2512, but also unlawful use of the device, in violation of § 2511, the Plaintiff therefore alleged sufficient facts to assert a private cause of action. *Id.* This conclusion, relied upon by Plaintiffs in the immediate case, not only fails to distinguish *Flowers,* it defies logic.

Nowhere in *Flowers* does the Fourth Circuit suggest that whenever a plaintiff alleges both possession and use of an eavesdropping device, a private cause of action is properly pled for each crime. On the contrary, the *Flowers* Court found that the *use* of an eavesdropping device, as outlawed by § 2511, creates a victim, thereby justifying a private cause of action, but the mere *possession* of such a device, as banned by § 2512, creates no individualized harm and, thus, no justification for private recovery. Stated another way, a plaintiff must allege the unlawful possession and use of eavesdropping equipment in order to maintain a cause of action under § 2511, but the mere possession of that equipment, alone, affords no civil recovery under either code section.

Consequently, it is the opinion of this Court that the Fourth Circuit's holding in *Flowers,* that no private cause of action lies under § 2520 for violations of § 2512, has not been affected by subsequent statutory amendments. Consequently, applying *Flowers* to the immediate case, this Court must dismiss Count III of Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Accordingly, Defendant's Rule 12(b)(6) motion to dismiss will be granted. An appropriate Order will accompany this memorandum.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.