DIRECTV, Inc., Plaintiff,

v.

Billy CHILDERS, and Melanie Hinson, Defendants.

No. CIV.A. 03–A–517–E.

United States District Court,
M.D. Alabama,
Northern Division.

July 29, 2003.

Sara A. Ford, Enrique Jose Gimenez, Birmingham, AL, for Plaintiff.

Phillip E. Adams, Jr., Patrick C. Davidson, Opelika, AL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

### I. INTRODUCTION

This cause is before the court on separate Motions to Dismiss Counts Two and Three of Plaintiff's Complaint, filed by Defendants Melanie Hinson ("Hinson")(Doc. # 4) and Billy Childers ("Childers")(Doc. # 11).

The Plaintiff, DIRECTV, Inc., brings claims against Hinson and Childers for violation of 46 U.S.C. § 605(a) (Count One), violation of 18 U.S.C. § 2511(1) (Count Two), violation of 18 U.S.C. 2512(b) (Count Three), and conversion (Count Four).

For reasons to be discussed, the Motions to Dismiss are due to be GRANTED in part and DENIED in part.

### II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not ... [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon*, 467

U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

## III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

DIRECTV is a direct broadcast satellite system. In order to receive DIRECTV's satellite signal, a subscriber must have the digital satellite system hardware, which includes a satellite dish, an integrated receiver/decoder, and an access card. DIRECTV does not manufacture the hardware, but sells programming.

DIRECTV alleges that satellite pirates try to circumvent DIRECTV's security measures to gain unlimited access to all programming, rather than merely the programming for which the subscriber has paid. One security measure used by DIRECTV to avoid piracy involves sending a stream of data that targets access cards and disables them. DIRECTV alleges that satellite pirates have developed devices that restore access cards' ability to illegally circumvent DIRECTV encryption protection. According to DIRECTV, Childers and Hinson have purchased pirate access devices and have used those devices to improperly access programming.

Among other claims, DIRECTV has alleged that these actions by Childers and Hinson violate 18 U.S.C. § 2511(1) ("any person who ... intentionally intercepts ... any wire, oral, or electronic communication ... shall be subject to suit as provided ....") and 18 U.S.C.

§ 2512(1)(b)(prohibits any person from "intentionally ... possess[ing] ... any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications....").

## IV. *DISCUSSION*

Childers and Hinson have moved to dismiss two claims asserted by DIRECTV against them on the grounds that the statute under which the claims are brought is a criminal statute, and the sub-sections under which DIRECTV asserts claims, 18 U.S.C. §§ 2511, 2512, include no private right of action. DIRECTV responds that there are courts which have recognized a private right of action for civil suits under § 2511 and § 2512.

■ There is a private right of action in § 2520 [1] of the statute. There is a split of authority as to whether this private right of action applies to both §§ 2511 and 2512, or to only § 2511, however. As pointed out by Childers and Hinson in their reply briefs, this court has previously cited a holding by the Fourth Circuit Court of Appeals, and has determined that a plaintiff could proceed civilly for violations of § 2511, but not § 2512, because the plaintiff did not have a private right of action against a defendant based on mere evidence that the defendant possessed equipment proscribed by § 2512. *Ages Group, L.P. v. Raytheon Aircraft Co.,* 22 F.Supp.2d. 1310, 1315 (M.D.Ala.1998)(citing *Flowers v. Tandy Corp.,* 773 F.2d 585 (4th Cir.1985)); *cf. Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990)("In order

---

1. 18 U.S.C. § 2520(a) states as follows: Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

to recover under § 2520, plaintiff must show that defendants violated § 2511 ...."). The Fourth Circuit's reasoning, relied on by this court, is that because the express language of § 2520 includes a class of persons similar to the class defined in § 2511, but not § 2512, it is not susceptible to a construction which would provide a cause of action against one whose conduct violates § 2512, but does not violate § 2511. *Flowers,* 773 F.2d at 589.

DIRECTV has cited to two cases in support of its argument that a private cause of action exists for both statutory subsections. *See DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002); *Oceanic Cablevision, Inc. v. M.D. Electronics,* 771 F.Supp. 1019 (D.Neb.1991). The limited analysis in those cases does not, however, persuade this court to depart from the analysis outlined above. *See DIRECTV,* 207 F.Supp.2d at 1084 n. 8 (declining to follow *Flowers* and *Ages* because the procedural posture and facts were similar to *Oceanic Cablevision, Inc.*); *Oceanic Cablevision, Inc.,* 771 F.Supp. at 1027 (stating "Clearly, § 2520 only confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of §§ 2510–2521.").

This court concludes that the analysis applied in *Ages* and *Flowers* applies in this case and precludes DIRECTV's claims based on violations of § 2512. *See Directv, Inc. v. Amato,* 269 F.Supp.2d 688 (E.D.Va.2003)(applying *Flowers* and dismissing a § 2512 claim). That is, mere proof of possession of "pirating" equipment may establish a violation of the criminal statute, but cannot support a civil action for damages. Accordingly, the court concludes that the Motions to Dismiss are due to be GRANTED as to the claims against Hinson and Childers in Count Three, but DENIED as to the

claims against Hinson and Childers in Count Two.[2]

## V. *CONCLUSION*

For the reasons discussed, the Motions to Dismiss (Doc. # 4, 11) are hereby ORDERED DENIED as to the claims in Count Two and GRANTED as to the claims in COUNT Three.

The case will proceed against Hinson and Childers on the claims in Counts One, Two, and Four.

---

**2.** No other grounds for dismissal have been raised as to the claims for violation of § 2511.