DIRECTV, INC., Plaintiff,

v.

Robert BEECHER, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

David Cashe, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Johnnie Dixon, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Kevin Hall, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Danny Hubbard, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Ted A. Wooley, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Robert Lucas, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Jack Overy, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Rondal Randall, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Ken Shutt, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Suzi Mathies, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Patrick Barrett, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Jennifer Johnson, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

James Tompkins, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Gayle L. Pruitt, et al., Defendants.

DirecTV, Inc., Plaintiff,

v.

Kellie Terry, et al., Defendants.

Nos. 1:03–CV–0309 DFH, 1:03–CV–0312 DFH, 1:03–CV–0316 DFH, 1:03–CV–0310 DFH, 1:03–CV–0313 DFH, 1:03–CV–0317 DFH, 1:03–CV–0311 DFH, 1:03–CV–0315 DFH, 1:03–CV–0318 DFH, 1:03–CV–0319 DFH, 1:03–CV–0320 DFH, 1:03–CV–0321 DFH, 1:03–CV–0322 DFH, 1:03–CV–0323 DFH, 1:03–CV–0324 DFH, 1:03–CV–0326 DFH.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 7, 2003.

Michael A. Wilkins, Robert L. Gauss, John T. Murphy, Ice Miller, Indianapolis, IN, for plaintiff.

Bruce D. Brattain, Brattain & Minnix, Indianapolis, IN, Mark K. Dudley, Young, Riley, Dudley & Debrota, Indianapolis, IN, Paul B. Overhauser, Overhauser Law Offices, Greenfield, IN, Gary P. Price, Suzanne Lee Robinson, Lewis & Kappes, Indianapolis, IN, for defendants.

## MEMORANDUM OPINION ON MOTION FOR PARTIAL DISMISSAL

HAMILTON, District Judge.

Plaintiff DirecTV, Inc. has filed numerous actions against individuals who allegedly purchased devices useful for intercepting encrypted television signals broadcast by plaintiff. The complaints seek relief under 47 U.S.C. § 605(a) for interception of copyrighted materials; under 18 U.S.C. § 2520 for interception of signals and/or possession of devices primarily useful for interception; under 47 U.S.C. § 605(e)(4) for assembly of interception devices; and under state law for theft, conversion, deception and fraud.

Many of the defendants in the several cases in this court have banded together for a common defense. They have filed a consolidated motion to dismiss portions of each case. They contend: (a) that the court should dismiss Count Three, which alleges possession of an unlawful device, because 18 U.S.C. § 2520(a) does not authorize a civil action for mere possession; (b) that the court should dismiss Count Five alleging state law claims because they are preempted by the federal Copyright Act or otherwise fail to state a claim; and (c) that plaintiff's claims against multiple defendants in any one case are misjoined, so that the court should dismiss the claims of all defendants except those first named in each complaint. This common memorandum opinion shall be entered in all 16 of the pending cases captioned above. As explained below, the court grants the motion to dismiss Count Three; grants the motion to dismiss the theft and conversion portions of Count Five; and severs the claims against the multiple defendants. The defendants who are not named first in each case shall not be severed and dropped until December 8, 2003, to allow plaintiff to

file new and separate actions against them if it chooses to do so.

## I. *Count Three—Civil Liability for Possession of Unlawful Device*

Count Three alleges that each defendant possessed, manufactured, and/or assembled a device designed so that it is primarily useful for the purpose of the surreptitious interception of electronic communications, in violation of 18 U.S.C. § 2512(1)(b). Plaintiff also alleges in Count Two that each defendant actually intercepted plaintiff's communications in violation of 18 U.S.C. § 2511. Accordingly, Count Three adds to the complaint only if plaintiff can recover for a defendant's mere possession (or manufacture or assembly) of a prohibited device, without proof that the defendant participated in actual interception, disclosure, or intentional use of a protected communication.

In both Counts Two and Three, DirecTV has alleged violations of federal criminal statutes. To pursue civil remedies in these cases, DirecTV relies on 18 U.S.C. § 2520(a), which authorizes civil remedies for some violations of the federal wiretapping laws. Whether Section 2520(a) requires proof that a defendant has participated in actually intercepting, disclosing, or using protected communications is an issue that has divided federal courts in recent years, most recently in response to a wave of similar lawsuits filed by DirecTV in 2003, of which these cases are a part.

At its core, the issue is one of statutory interpretation. After reviewing the statutory language and the available case law, the court concludes that the plain language of 18 U.S.C. § 2520(a) requires a plaintiff seeking a civil remedy to show that a defendant participated in actual interception, disclosure, or use of plaintiff's communications in violation of law.

Because defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true all factual allegations in the complaints and must give plaintiff the benefits of reasonable inferences from those allegations, as well as facts that might even be only hypothesized, so long as they are not inconsistent with those alleged in the complaint. *E.g., Veazey v. Communications & Cable, Inc.,* 194 F.3d 850, 853–54 (7th Cir.1999) (remanding a dismissal). However, the issue presented here is a straightforward issue of statutory interpretation that can be decided as a matter of law. See, *e.g., United States v. Sutton,* 337 F.3d 792, 802 (7th Cir.2003) (statutory interpretation is matter of law); *United States v. Thomas,* 77 F.3d 989, 990 (7th Cir.1996) (same); *Zehner v. Trigg,* 952 F.Supp. 1318, 1321 (S.D.Ind.1997) (granting motion for judgment on pleadings based on statutory interpretation), *aff'd,* 133 F.3d 459 (7th Cir.1997).

### A. *The Statutory Language*

■ The analysis begins with Section 2512(1)(b), which plaintiff alleges in Count Three that the defendants have violated. Section 2512(1)(b) provides that a person commits a federal crime if he intentionally

> manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce.

Section 2512(1)(b) is a criminal statute. Violations are punishable by up to five years in prison, among other penalties. For present purposes, the key point here is that Section 2512(1)(b) does not require the prosecution to prove actual intercep-

tion of communications. Mere possession of a prohibited device can be punished under the criminal law.

To support its claims for civil remedies in both Count Two (alleging interception of encrypted broadcasts) and Count Three (alleging possession of prohibited devices), DirecTV relies on 18 U.S.C. § 2520(a), which provides:

> Except as provided in section 2511(2)(a)(ii), any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

Other subsections of Section 2520 authorize types of relief, including damages. In the absence of specific financial harm to a plaintiff, statutory damages may be the greater of $100 per day of violation or $10,000. 18 U.S.C. § 2520(c)(2)(B).

Section 2520(a) quite plainly does not authorize a civil remedy for every violation of the federal wiretap statute. (The reference to "this chapter" covers 18 U.S.C. §§ 2510—2522.) Instead, Section 2520(a) authorizes relief only for a person "whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter. . . ." By its plain language, this provision requires proof of actual interception, disclosure, or intentional use in violation of law. The statute does not authorize civil remedies for mere possession of an unlawful device, in the absence of such proof of actual unlawful interception, disclosure, or use.

Offering a different interpretation of Section 2520(a), DirecTV focuses on the phrase authorizing relief "from the person or entity . . . which engaged in that violation." That language was included as an amendment in 1986. DirecTV argues:

As amended, the private cause of action under Section 2520 is no longer limited to claims against a *defendant* who intercepted, disclosed or used an electronic communication, but has instead been expanded to permit any *plaintiff* whose electronic communication has been intercepted, disclosed or used, to sue those who "engaged" in any violation of Chapter 119, including Section 2512. Thus, the statute now defines the class of potential defendants as any person "engaged in" a "violation of this chapter."

Pl. Br. at 6 (emphasis in original).

DirecTV's argument is based on an obvious and critical distortion of the statutory language. The private civil action is authorized not, as plaintiff has rephrased the statute in its brief, against a person who "engaged in *any* violation of chapter 119." Instead, the statutory language itself authorizes a civil action against a person who "engaged in *that* violation." As a matter of grammar and sentence structure, the phrase "that violation" must refer to the interception, disclosure, or intentional use of a communication in violation of this chapter referred to earlier in the sentence.

**B.  *Recent Case Law Under Section 2520(a)***

Many district court opinions have already been written on this subject. A detailed discussion of them would spill more ink without adding much light to the subject. In short, this court agrees with the thoughtful analyses in *DirecTV, Inc. v. Rodriguez,* No. 03–cv–711 (M.D.Fla. Sept. 9, 2003); *DirecTV, Inc. v. Cardona,* 275 F.Supp.2d 1357 (M.D.Fla.2003); *DirecTV, Inc. v. Amato,* 269 F.Supp.2d 688 (E.D.Va. 2003); and *Ages Group, L.P. v. Raytheon Aircraft Co.,* 22 F.Supp.2d 1310, 1315 (M.D.Ala.1998). The court also agrees that the only appellate decision to address this issue still stands as good law on the

specific question before the court. See *Flowers v. Tandy*, 773 F.2d 585 (4th Cir. 1985) (holding, before the 1986 amendment to § 2520, that § 2520 does not provide a cause of action against a person who violates § 2512 by manufacturing or selling a prohibited device, but does not engage in conduct violative of § 2511 by actual interception).[1]

The court respectfully disagrees with the analyses and conclusions on this issue in *DirecTV, Inc. v. Gatsiolis*, 2003 WL 22111097 (N.D.Ill. Sept.10, 2003); *DirecTV, Inc. v. EQ Stuff*, 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002); and *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F.Supp. 1019, 1025–29 (D.Neb.1991), to the extent that they would authorize civil relief under Section 2520(a) in the absence of proof that the defendant had participated in actual interception, disclosure, or intentional use of protected communications. Those decisions did not, in this court's view, give sufficient weight to the plain meaning of the statute. In particular, they did not give sufficient weight to the key phrase "engaged in that violation," which must refer, as a matter of grammar and sentence structure, to interception, disclosure, or intentional use of protected communications.

In *Gatsiolis*, the court articulated policy considerations that have not been addressed in other cases. The court wrote:

> While this interpretation does provide a rather broad ability to bring the private right of action, granting this right of action decreases the burden on already overextended federal prosecutors to pursue criminal convictions under this statute. Moreover, potential plaintiffs whose electronic communications are being intercepted are equipped with the incentives to initiate litigation to protect their private interests. Granting that class of plaintiffs a broad right of action will help to guarantee the collapse of the manufacture, distribution, and use network for devices to intercept electronic communications.

*Gatsiolis*, 2003 WL 22111097, at *2.

The court agrees with these observations about the likely consequences of a broad right of action under Section 2520(a) if it is construed so as not to require proof of actual interception, disclosure or intentional use of protected communications. The more severe the available penalties, the greater the *in terrorem* and deterrent effect of the law. The extensive body of law concerning implied and express private causes of action under federal statutes shows, however, that more thorough and effective enforcement of a law is not the only value that the law should be interpreted to promote.

In this court's view, the policy argument in *Gatsiolis* fails to address the balance that Congress struck in writing Section 2520 in particular and the federal wiretap statute in general. As noted, Congress did not write Section 2520 to authorize civil actions against any person who violated any provision of the federal wiretap statute. Instead, it wrote Section 2520 to authorize relief against a person who engaged in "that violation," namely an interception, disclosure, or intentional use of a protected communication. Such violations, if proved, arguably cause the greatest and most direct harm to a victim. And recall that if a civil action is authorized, even without proof of actual loss to the victim or profit to the wrongdoer, the damages can be the greater of $100 a day or $10,000.

---

**1.** Many more district court decisions have addressed similar claims under Section 2520(a), alleging violations of Section 2512(1)(b). Many of those decisions have stated only conclusions. Others have been issued in cases where defendants were proceeding *pro se* or where their counsel did not file briefs in opposition to DirecTV or other plaintiffs.

For a case of mere possession of an unlawful device, Congress might well have concluded that making such stringent penalties available to the private plaintiff would be excessive. The elaborate remedial provisions of Section 2520 show that Congress paid close attention to issues of enforcement of the federal wiretap statutes. Those choices must be respected. The interpretation of Section 2520(a) adopted by this court and others requiring proof that the defendant participated in actual interception, disclosure, and/or intentional use reflects a view that Congress chose a more complex mixture of criminal and civil enforcement, and public and private remedies, for different types of violations of the federal wiretap statutes.

The broad interpretation of Section 2520(a) embraced in *Gatsiolis, Oceanic Cablevision,* and *EQ Stuff* may well lend itself to more thorough and effective enforcement of the law. The courts must remember, however, that individuals who purchase decoding devices are also constituents of Members of Congress, who presumably wrote the law to balance competing interests and to calibrate enforcement mechanisms and penalties to the severity of a violation. See *Rodriguez v. United States,* 480 U.S. 522, 525–26, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) ("... no legislation pursues its purposes at all costs. Deciding what competing values will or will not be sacrificed to the achievement of a particular objective is the very essence of legislative choice—and it frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law.") (emphasis in original); see also *Board of Governors of Federal Reserve System v. Dimension Financial Corp.,* 474 U.S. 361, 373–74, 106 S.Ct. 681, 88 L.Ed.2d 691 (1986) (application of "broad purposes" of statute at expense of specific provisions ignores the complexity of the problems and the dynamics of legislative action);

*Chicago Professional Sports Ltd. P'ship v. National Basketball Ass'n,* 961 F.2d 667, 671 (7th Cir.1992) (courts must enforce the limits of "special interest" laws and not bestow upon the lobbyists what they did not win from the legislature). Even if the defendants' conduct in these cases might have violated federal law, Congress did not authorize private civil actions and draconian financial penalties to remedy every single violation of law.

Accordingly, the court GRANTS defendants' motion to dismiss Count Three of the complaint. To the extent plaintiff can show that any defendant participated in actual interception of protected broadcasts, plaintiff should be entitled to relief under Count Two.

## II. *Count Five*

### A. *Theft and Conversion*

Count Five alleges that defendants' alleged interception of copyrighted materials amounts to criminal theft, conversion, deception, and fraud under Indiana law. Plaintiff does not allege the theft of any tangible property, but only the theft or conversion of its copyrighted works. Defendants argue that the theft and conversion portions of the Indiana law claims have been preempted by 17 U.S.C. § 301, the portion of the federal Copyright Act that preempts state law. Section 301(a) provides:

> On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or

equivalent right in any such work under the common law or statutes of any State.

The Seventh Circuit has explained: "This provision sets forth two conditions that both must be satisfied for preemption of a right under state law: First, the work in which the right is asserted must be fixed in tangible form and come within the subject matter of copyright as specified in § 102. Second, the right must be equivalent to any of the rights specified in § 106." *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n,* 805 F.2d 663, 674 (7th Cir.1986); see also *Bucklew v. Hawkins, Ash, Baptie & Co., LLP,* 329 F.3d 923, 934 (7th Cir.2003) (finding state law claim for punitive damages preempted by § 301(a)).

■■■ The parties here agree that DirecTV's satellite broadcasts were of material that was copyrighted and "fixed in tangible form." The issue is whether the rights DirecTV asserts under state law are equivalent to the rights specified in 17 U.S.C. § 106. In general, and subject to important exceptions, Section 106 gives a copyright owner exclusive rights to reproduce the work, to prepare derivative works, to distribute copies, and to perform or display the work publicly. To avoid preemption of the state law claims for theft and conversion, DirecTV must show that those claims include an "extra element" that changes the nature of the state law action so as to make it qualitatively different from a federal copyright infringement claim. *United States ex rel. Berge v. Board of Trustees of Univ. of Alabama,* 104 F.3d 1453, 1463 (4th Cir.1997). Di-

recTV has not alleged any such extra element, and its brief does not identify any such extra element that would overcome the preemption defense. DirecTV also has not alleged any theft or conversion of any tangible property. Accordingly, under Section 301(a), DirecTV's claims for theft and conversion of satellite broadcast are preempted. See *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.,* 650 F.Supp. 838, 849–50 (D.Mass.1986).

### B. *Fraud and Deception*

■■■ Defendants also seek dismissal of the portions of Count Five alleging fraud and deception on the ground that no false or deceptive statement has been alleged, as would be required by Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff has responded by arguing that its civil claims for fraud and deception rely on Indiana Code § 35–43–5–6, a criminal statute concerning a device or scheme to avoid being assessed the full amount of services from utility or cable TV service providers. That statute has been included in the portion of the Indiana criminal code titled "forgery, fraud, and other deceptions," but it does not track the common law of fraud. The criminal statute does not require proof of any false or deceptive statement. Instead, proof that a person intercepted signals without paying for them is sufficient to establish the violation, and presumably to trigger civil remedies under Indiana Code § 34–24–3–1. Accordingly, the portion of Count Five alleging fraud and deception in violation of Indiana Code § 35–43–5–6 survives defendants' motion to dismiss.[2]

---

**2.** In reply, defendants point out that plaintiff did not cite the civil remedy statute in its complaint. It was not required to do so. Rule 8(a) of the Federal Rules of Civil Procedure required only a short and plain statement of the claim showing that the pleader is entitled to relief. A plaintiff is not required to allege legal theories or cite relevant statutes.

See, *e.g., Bennett v. Schmidt,* 153 F.3d 516, 518–19 (7th Cir.1998) (reversing dismissal: "having stated a discrimination claim the complaint need not offer specifics about which rules of law, state or federal, racial discrimination offends"). Defendants in reply did not argue that this theory of recovery under state law is also preempted by the

III. *Misjoinder of Parties*

█ DirecTV has joined together in each of its many complaints similar claims against several defendants. For all that appears in the pleadings, the defendants have no relationship to one another except that DirecTV accuses them all of similar wrongdoing. Defendants argue that the claims against them have been misjoined.

Rule 20(a) of the Federal Rules of Civil Procedure authorizes the joinder of multiple defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The second prong of that test is easily met here because there are common questions of law for all defendants under these parallel claims. The first prong is not satisfied here, however. DirecTV's claims against the different defendants do not arise out of the same transaction, occurrence, or series of occurrences. Instead, DirecTV alleges that many individuals have wronged it in the same way, but in separate transactions or occurrences. Accordingly, the court finds that the defendants have been misjoined in this case.[3]

As Rule 21 instructs, however, misjoinder is not a basis for dismissing an action. See *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir.2000). Instead, the court orders that the claims against all defendants be severed and that all defendants, except the first-named defendants, in actions 03–0310, 03–0311, 03–0312, 03–0313, 03–0315, 03–0316, 03–0317, 03–0318, 03–0319, 03–0320, 03–0321, 03–0322, 03–0323, 03–0324, and 03–0326 be dropped from these actions effective December 8, 2003, which will give DirecTV time to file separate actions if it chooses to do so, with new complaints and filing fees. Pursuant to the reasoning of *Elmore*, because the claims against the multiple defendants are being severed, such new separate actions shall be deemed continuations of these original actions for purposes of the statute of limitations.

### Conclusion

Accordingly, defendants' motion to dismiss Count Three is granted; defendants' motion to dismiss Count Five is granted with respect to allegations of theft and conversion, but denied with respect to the alleged violation of Indiana Code § 35–43–5–6; and the claims against multiple defendants in all of these cases are severed, and plaintiff shall have until December 8, 2003 to file separate actions against any defendant who is not first-named in each of these actions. If plaintiff fails to file a new action, its claims against any defendant who was not first-named in a pending action will be dismissed without prejudice.

So ordered.

---

Copyright Act, so the court has not considered the possibility.

3. Under Local Rule 40.1(e), the court has applied a more relaxed standard of relatedness to reassign all of these "cookie-cutter" cases so that they are being heard by the same magistrate judge and district judge. See generally *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir.1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.").