**DIRECTV, INC., Plaintiff,**

v.

**Sean WALLACE, et. al,[1] Defendants.**

No. 3:02–1026.

United States District Court, M.D. Tennessee, Nashville Division.

Feb. 9, 2004.

1. All matters in controversy have been compromised and settled as to Defendant Ed Butler. (Docket Entry No. 13). Sean Wallace was voluntarily dismissed. (Docket Entry NO. 23). Default was entered as to Defendant Larry A. Roberts (Docket Entry No. 25), but default judgment was denied. (Docket Entry No. 32). Therefore, the remaining Defendants are Danny L. Aaron, Jim Johnson, and Larry A. Roberts.

Sandi L. Pack, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Nashville, TN, for Plaintiff.

Freemon Law Firm, Lawrenceburg, TN, Barry R. Tidwell, Tidwell Cartee, P.C., Nashville, TN, for Defendants.

## MEMORANDUM

ECHOLS, District Judge.

Presently pending before the Court is Defendant Aaron's Motion to Dismiss Count V of the Complaint (Docket Entry No. 30), to which Plaintiff has responded in opposition. For the reasons explained herein, Defendant's Motion shall be GRANTED, and Count V of Plaintiff's Complaint shall be DISMISSED.

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff DirecTV, Inc. ("DirecTV") is a direct satellite broadcast system delivering television and other programming to its subscribers. DirecTV's satellite transmissions are encrypted, or electronically scrambled, to prevent unauthorized and unpaid viewing of its programming. DirecTV's transmissions may be lawfully viewed only by its customers on a subscription or pay-per-view basis.

This is an action brought by DirecTV against individuals who allegedly purchased a signal pirating device or devices designed to defeat DirecTV's encryption security measures, allowing the individuals to decrypt, or unscramble, DirecTV's signal and view broadcasts without paying the subscription or pay-per-view fees. DirecTV seeks relief under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605(a), for unauthorized reception of satellite signals (Count I); under the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510–2521, for interception of signals and/or possession of devices primarily useful for interception (Counts II and V); under the Tennessee wiretapping

statute, Tenn.Code Ann. § 39–13–601 (Count III); under Tennessee theft of services statutes, Tenn.Code Ann. §§ 39–14–104, 7–59–109 (Count IV); and under Tennessee common law for conversion (Count VI).

Originally there were five (5) Defendants named in this action. An Agreed Order of Compromise and Dismissal was entered as to Defendant Ed Butler on January 3, 2003, and all claims against him were dismissed. (Docket Entry No. 13). All claims against Defendant Sean Wallace were voluntarily dismissed on January 29, 2003. (Docket Entry No. 23). Having received no Answer from Defendant Larry Roberts, default was entered against him on February 5, 2003. (Docket Entry No. 25). Plaintiff's subsequent Motion for Default Judgment as to Roberts was denied as premature. (Docket Entry No. 32). Defendant Jim Johnson has settled with Plaintiff. (Docket Entry No. 21).

Defendant Danny L. Aaron now has filed a Motion to Dismiss Count V of Plaintiff's Complaint, which alleges possession of an unlawful device in violation of 18 U.S.C. § 2512(1)(b). (Docket Entry No. 30). Defendant contends that § 2512(1)(b) is a criminal statute that does not provide for a private right of action. In response, Plaintiff contends that 18 U.S.C. § 2520(a) provides for a private right of action for violations of § 2512(1)(b) whereby Plaintiff can recover damages and gain injunctive relief against Defendant's possession and/or use of illegal satellite pirate devices.

## II. FACTS

Taking the allegations contained in Plaintiff's Complaint as true, as the Court must at this stage of the proceedings, the relevant facts and circumstances are as follows: Plaintiff DirecTV is the nation's leading direct broadcast system, delivering over 225 channels of television and other programming to more than 10 million homes and businesses in the United States. DirecTV's television programming currently includes major cable networks, studio movies and special events programming, as well as a variety of sports and other special interests programming. DirecTV, a California company, has invested more than $1.25 billion to develop its direct broadcast satellite system.

DirecTV encrypts, or electronically scrambles, its satellite transmissions to provide security for and prevent unauthorized viewing of its satellite television programming. DirecTV offers its television programming to residential and business customers on a subscription or pay-per-view basis only. Each customer is required to obtain a DirecTV access card and other system hardware, including a small satellite dish, and create an account with DirecTV. Upon activation of the access card by DirecTV, the customer can receive and view in an encrypted, or unscrambled, format those channels to which the customer has subscribed or otherwise made arrangements to purchase from DirecTV.

On May 25, 2001, with the assistance of local law enforcement, DirecTV executed writs of seizure at the mail shipping facility used by several major sources of pirate technologies including Cardcleaners, Vector Technologies, DSS–Stuff, DSSPro, DSS–Hangout, White Viper Technologies, Meadco, Intertek, Shutt Inc., and Canadian Security and Technology. During and subsequent to the raids, DirecTV obtained a substantial body of sales records, shipping records, email communications, credit card receipts, and other records.

Defendant Aaron is a resident of Lawrenceburg, Tennessee. According to records obtained by Plaintiff, Defendant Aaron purchased a pirate access device, the "WT2," from Shutt, Inc. on August 3, 2000.

This device was shipped to Defendant Aaron at his address in Lawrenceburg, Tennessee.

## III. STANDARD OF REVIEW UNDER RULE 12(b)(6)

It is well settled that a court's task in analyzing the sufficiency of a complaint for the purpose of a motion to dismiss is necessarily narrow and limited. *See Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). The issue is not whether a claim ultimately will prevail, but "whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Moreover, in reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, a court must review the complaint in the light most favorable to the non-moving party, construing all of its allegations in its favor. *See Skees v. United States,* 107 F.3d 421, 423 (6th Cir.1997) (citations omitted). A complaint should not be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also G.M. Eng'rs and Assocs. v. West Bloomfield Township,* 922 F.2d 328, 330 (6th Cir.1990) (citation omitted).

## IV. APPLICABLE LAW AND ANALYSIS

In Counts II and V of Plaintiff's Complaint, Plaintiff seeks civil damages for alleged violations of two criminal statutes contained within Chapter 119 of Title 18 of the United States Code. In Count II, Plaintiff alleges that Defendants, through the use of a pirate access device, "intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept" Plaintiff's satellite transmissions of television programming in violation of 18 U.S.C. § 2511(1)(a). (Docket Entry No. 1, Compl. ¶ 21). In Count V, Plaintiff alleges that Defendants possessed pirate access devices designed to receive subscription television services for sale by DirecTV with the intent to avoid payment to DirecTV of the lawful charges for its programming in violation of 18 U.S.C. § 2512(1)(b). (*Id.,* Compl. ¶ 36). Count V also alleges that Defendants used the pirate access devices to decrypt and view DirecTV's satellite transmissions of television programming. (*Id.,* Compl. ¶ 35).

Defendant Aaron now seeks to dismiss Count V, asserting that federal law does not recognize a private right of action for violation of § 2512(1)(b). Adopted as part of the Electronic Communications Privacy Act, also known as the "Wiretap Act," Section 2512(1)(b) subjects to criminal prosecution anyone who intentionally "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications...." 18 U.S.C. § 2512(1)(b). Violations of § 2512(1)(b) are punishable by fines and/or up to five years in prison. *Id.*

Section 2512 is solely a criminal statute and contains no civil action authority by its own terms. To support its claims for civil remedies in both Count II (interception of encrypted broadcasts) and Count V (possession of prohibited device), Plaintiff DirecTV relies on 18 U.S.C. § 2520(a), which provides as follows:

(a) *In general.* Except as provided in section 2511(a)(ii),[2] any person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). However, there is a split of authority among the federal courts as to whether § 2520(a) authorizes a civil cause of action for violations of § 2512(1)(b). The only federal appellate court to directly address the issue, the Fourth Circuit Courts of Appeals, concluded that § 2520 provides no private cause of action for violations of § 2512. *Flowers v. Tandy Corp.,* 773 F.2d 585, 588–90 (4th Cir.1985). In *Flowers,* the Fourth Circuit determined that "[t]he express language of § 2520[was] ... not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2512" because § 2520 "expressly limits [the class of persons] against whom the private action lies to the person who 'intercepts, discloses, or uses ... such communications.'" *Id.* at 588. The Court additionally found that "implied causes of action are disfavored and should be found only where a statute clearly indicates that the plaintiff is one of a class for whose benefit the statute was enacted and there is some indication that Congress intended such a cause of action to lie." *Id.* at 589 (citations omitted).

The *Flowers* Court compared § 2511 to § 2512, both of which are relevant to the instant case. The Court noted that § 2520 expressly established a private cause of action for the victims of § 2511, whereas the only victim resulting from violations of § 2512 is the general public. Elaborating on this distinction, the Court stated:

> Though any criminal statute is in part enacted for the benefit of the victims of the crime, § 2512 appears to have been designed for benefiting the public as a whole by removing such devices from the market. Section 2511, which makes criminal the actual practice of wiretapping, is more properly aimed at protecting the particular victim, and indeed, Congress recognized that purpose by expressly providing in § 2520 a private cause of action for victims of acts made criminal in § 2511.

*Id.*

Although *Flowers* was decided prior to the 1986 amendments to § 2520, the amendments do not nullify the Court's findings and reasoning with respect to the issue of whether § 2520(a) provides a private right of action for violations of § 2512(1)(b). *See DIRECTV, Inc. v. Amato,* 269 F.Supp.2d 688, 690–92 (E.D.Va. 2003)("A careful comparison of the former and current versions of § 2520 reveals only one significant difference that impacts upon the *Flowers* outcome .... [Victims] can no longer utilize § 2520 to sue the maker or seller of an otherwise lawful device that is later used to commit a crime.").

A number of district courts have agreed with the Fourth Circuit's holding in *Flowers,* likewise finding that no private right of action exists for violations of § 2512(1)(b). *See DirecTV, Inc. v. Campagne,* Civ. No. 3:02–1199, slip op. at 7–8

---

**2.** 18 U.S.C. § 2511(2)(a)(ii) provides immunity from prosecution for persons who aid or assist governmental agents authorized by law to intercept wire, oral, or electronic communications or conduct electronic surveillance. Section 2511(2)(a)(ii) is not applicable to the instant case.

(M.D.Tenn. Dec. 9, 2003) (Nixon, J.); *DirecTV, Inc. v. Weese,* Civ. No. 1:03–0252, slip op. at 5–7 (E.D.Tenn. Dec. 4, 2003)(Collier, J.); *DirecTV, Inc. v. Jones,* Civ. No. 02–2834, slip op. at 5–6 (W.D.Tenn. Aug. 25, 2003)(Donald, J.); *see also DIRECTV, Inc. v. Childers,* 274 F.Supp.2d 1287, 1289 (M.D.Ala.2003); *DIRECTV v. Cardona,* 275 F.Supp.2d 1357, 1361–62 (M.D.Fla.2003); *DIRECTV, Inc. v. Amato,* 269 F.Supp.2d 688, 691 (E.D.Va. 2003); *Ages Group, L.P. v. Raytheon Aircraft Co., Inc.,* 22 F.Supp.2d 1310, 1315 (M.D.Ala.1998); *DIRECTV, Inc. v. Beecher,* 296 F.Supp.2d 937, 940 (S.D.Ind.2003); *DirecTV, Inc. v. Nisbett,* Civ. No. 03:61501, slip op. at 2–6 (S.D.Fla. Oct. 9, 2003); *DirecTV, Inc. v. Sanabia,* Civ. No. 03–21341, slip op. at 2 (S.D.Fla. Oct. 16, 2003); *DirecTV, Inc. v. Miron,* Civ. No. 03–21388, slip op. at 2 (S.D.Fla. Sept. 30, 2003); *DirecTV, Inc. v. Miller,* Civ. No. 6:03–1027, slip op. at 3–6 (M.D.Fla. Sept. 16, 2003); *DirecTV, Inc. v. Westendorf,* Civ. No. 3:03–50210, 2003 WL 22139786, at *1–2, 2003 U.S. Dist. LEXIS 16236, at *2–4 (N.D.Ill. Sept. 16, 2003); *DirecTV, Inc. v. Rodriguez,* Civ. No. 6:03–711, 2003 WL 23892680, *1–2 (M.D.Fla. Sept. 9, 2003); *DirecTV, Inc. v. Rendueles,* Civ. No. 8:03–1053, 2003 WL 23531742, *1–2 (M.D.Fla. Aug. 27, 2003); *DirecTV, Inc. v. Hutchinson,* Civ. No. 8:03–1108, slip op. at 8–10 (M.D.Fla. Aug. 22, 2003); *DirecTV, Inc. v. Treworgy,* Civ. No. 2:03–0428, 2003 WL 23533793, *1–2 (M.D.Fla. Aug. 8, 2003); *DIRECTV, Inc. v. Childers,* 274 F.Supp.2d 1287, 1288–89 (M.D.Ala.2003).

A number of other district courts, beginning with the *Oceanic* court in 1991, have found that § 2520(a) provides for a private right of action for violations of § 2512(1)(b). *See Oceanic Cablevision, Inc. v. M.D. Elecs.,* 771 F.Supp. 1019, 1026–29 (D.Neb.1991); *see also DIRECTV, Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002); *DirecTV, Inc. v.*

*Dougherty,* Civ. No. 02–5576 (D.N.J. October 8, 2003); *DirecTV, Inc. v. Marker,* Civ. No. 03–00818–ORD (W.D.Wash. July 7, 2003); *DIRECTV, Inc. v. Drury,* 282 F.Supp.2d 1321, 1322–24 (M.D.Fla.2003); *DirecTV, Inc. v. Garcia,* Civ. No. 03–20452, slip op. at 4–5 (S.D.Fla. May 27, 2003); *DirecTV, Inc. v. DiSalvatore,* Civ. No. 5:02–0076 (N.D.Ohio May 21, 2003); *DirecTV, Inc. v. Calamanco,* Civ. No. 02–4102, 2003 WL 21956187, *1–2 (N.D. Iowa Jan. 21, 2003). *Oceanic* and its progeny recognize that there is no civil action authority within the plain language of § 2512(1)(b). *See e.g., Oceanic,* 771 F.Supp. at 1025–26; *EQ Stuff,* 207 F.Supp.2d at 1084; *Karpinsky,* 2003 U.S. Dis. LEXIS 10912, at *16–17. The courts nevertheless conclude that a person may bring a civil cause of action for violation of § 2512(1)(b) via § 2520(a) if the complaint also pleads an illegal interception, disclosure, or use allegation.

In so holding, the *Oceanic* line of cases interpret the language of § 2520 as creating a threshold for standing. Under this interpretation, if a plaintiff proves that he or she is "a person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter," then he or she may pursue a claim for relief against the appropriate defendant under *any* provision of the Wiretap Act, including § 2512. In accordance with this interpretation, and relying on those cases adopting such an interpretation, DirecTV has pleaded illegal "use" of communications as an element of its unlawful possession claim under § 2512(1)(b).

■ This Court respectfully disagrees with the reasoning and result of *Oceanic* and its progeny. In the Court's view, as a matter of grammar and sentence construction, these courts misinterpret § 2520's key phrase, "engaged in that violation," to

conclude that § 2520(a) provides for a private right of action for violations of § 2512(1)(b). The Court finds that the aforementioned phrase refers to the "interception, disclosure, or intentional use" of protected communications, and not to the possession of prohibited devices.

In other words, this Court finds that the plain meaning of § 2520(a) requires that an aggrieved person must have suffered an actual illegal interception, disclosure, or use of his or her communications before that person may initiate a civil suit under § 2520(a). Further, that interception, disclosure, or use must have been done in violation of "this chapter," which refers to Chapter 119 (§§ 2510–2521). Not any interception, disclosure, or use will suffice; only one that specifically violates Chapter 119 triggers civil standing. A reading of Chapter 119 shows that the only section in the chapter prohibiting illegal interception, disclosure, or use is § 2511. Thus, the only person who would have § 2520(a) civil standing to sue for a "violation of this chapter" would be a person whose communications were illegally intercepted, disclosed, or used in violation of § 2511.

As this Court sees it, adopting the *Oceanic* interpretation of § 2520(a) creates a duplicative cause of action under § 2512 because § 2511 already allows a victim to initiate a claim against those who intercept, disclose, or use his or her communications unlawfully. *Oceanic* dictates a result where a civil cause of action for violation of § 2512(1) and a civil cause of action under § 2520(a) for violation of § 2511(1) both become, in essence, a claim for illegal interception, disclosure, or use. This very result is demonstrated by the instant case, where Count II of Plaintiff's Complaint pleads civil illegal interception and use and Count V pleads civil illegal interception and use, although the latter

Count is entitled "Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512(1)(b)." The Court does not believe that Congress intended to duplicate a civil illegal interception claim using § 2512(1) when § 2511 already fulfills that purpose.

## V. CONCLUSION

For the foregoing reasons, the Court joins the growing majority of courts in concluding that 18 U.S.C. § 2520(a) does *not* provide a private right of action for violations of 18 U.S.C. § 2512(1)(b). Accordingly, Defendant Aaron's Motion to Dismiss Count V of Plaintiff's Complaint shall be GRANTED. Count V of the Complaint (Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512(1)(b)) shall be DISMISSED.

An appropriate Order shall be entered.

## *ORDER*

Presently pending before the Court is Defendant Aaron's Motion to Dismiss Count V of Plaintiff's Complaint (Docket Entry No. 30) to which Plaintiff has responded in opposition. For the reasons explained in the Memorandum entered contemporaneously herewith, Defendant's Motion is hereby GRANTED. Count V of Plaintiff's Complaint (Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512(1)(b)) is hereby DISMISSED.

The pending Motion for Summary Judgment (Docket Entry No. 39) will be addressed in a separate Memorandum and Order.

It is so ORDERED.