**DIRECTV, INC., Plaintiff**

v.

**Ronald MILLER, et al, Defendant.**

No. 03–1174.

United States District Court, C.D. Illinois.

Jan. 23, 2004.

David M. Harris, David W. Ybarra, Greensfelder Hemker & Gale, Belleville, IL, for Plaintiff.

Frank R. Fuhr, McCarthy Callas Fuhr & Ellison, Rock Island, IL, for Defendant.

**ORDER**

GORMAN, United States Magistrate Judge.

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is defendant's motion to dismiss Count III of plaintiff's claim against him.

This case, like all the others currently pending in the Central District of Illinois, arose out of defendant Miller's alleged possession and use of a device that unscrambled satellite signals broadcast by the plaintiff. Plaintiff claims that the possession and use of such devices violates several federal statutes.

At issue here is a ruling that has been made in a number of other cases, in which I found that there is no private right of

action from mere possession of such a device, which is the basis for Count III of the instant complaint. Defendant asks that the same order be entered here. In response, plaintiff points to a Report and Recommendation issued by Magistrate Judge Cudmore and adopted by District Judge McCuskey, concluding that there is a right of action for mere possession. This order reiterates my prior ruling, incorporating a discussion of the conflicting decision by other judges in this District.

Count 3 of the complaint alleges violation of 18 U.S.C. § 2512. To understand the parties' arguments on this question, it is necessary to look at the statutory scheme of the Wire and Electronic Communications Interception Act, 18 U.S.C. § 2510 et seq. Section 2511 of this Act criminalizes a category of conduct relating to the interception of electronic communications. Section 2512 of the Act criminalizes conduct relating to the manufacture and use of communication intercepting devices. Specifically, § 2512(1)(b) makes criminal the conduct of a person who intentionally "manufactures, assembles, possesses, or sells ... any ... device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of ... electronic communications ..."

In addition to the criminal penalties imposed by the above two sections, § 2520 of the Act creates a private right of action. Standing to bring such an action is accorded to "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." A person with standing may obtain civil relief "from the person or entity ... which engaged in *that* violation." *Id.* [emphasis added].

■ The general rule of statutory interpretation is that one must first look to the language of the statute and assume that its plain meaning "accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985), quoted in *U.S. v. Shriver*, 989 F.2d 898, 901 (7th Cir.1992). I therefore begin with the specific language of § 2520.

The first requirement under § 2520— that DIRECTV have standing to bring this civil action—has been met here. DIRECTV has alleged that its electronic communications have been intercepted, disclosed and intentionally used in violation of the Act. The plain language of § 2520 requires no more.

■ The second requirement—the one at issue here—is that defendant be a permissible defendant under § 2520, in other words, a person who "engaged in that violation." Section 2512 prohibits the mailing, manufacture, assembly, sale and possession of prohibited devices (all of which have been alleged generically against the "defendants"). This complaint alleges use and possession of prohibited devices, acts governed by § 2512.

Keeping in mind that defendant's alleged "use" of the device to receive and intercept DIRECTV's signals in violation of § 2511 forms the basis for Count 2 of the complaint, the narrow issue presented in this motion is therefore whether an alleged "possession," separate from allegations of use (or other violations of § 2511), can support—as a question of law—a claim under § 2520.

This question stems at least in part from use of the word "that" in the last phrase of § 2520, namely, that suit be brought against a person who "engaged in *that* violation." Defendant reads "that" as referring back to § 2520's standing requirement which lists only interception, disclosure and intentional use in violation of the Act. Under defendant's reading, only persons who are accused of interception, dis-

closure and/or intentional use can be sued under § 2520.

DIRECTV, on the other hand, argues that "that violation" refers back to the phrase "in violation of this chapter," a phrase that certainly encompasses § 2512(b). Because the complaint also contains allegations of defendant's interception and use of the device, DIRECTV claims that this count survives a motion to dismiss.

Neither party's argument is without its support in the case law, and the Seventh Circuit has not weighed in on this issue. Based on an analysis of the statutory language and a review of the rather extensive case law on this question, I conclude that § 2520 does not authorize a claim based on a violation of § 2512(b).

As a pure question of statutory construction, I find that "that violation" refers back to the entire phrase of listed offenses in the first part of the section, namely "intercepted, disclosed, or intentionally used in violation of this chapter." The phrase "in violation of this chapter" does not stand alone; it modifies the list of offenses. All of those listed offenses are criminalized by § 2511; none of them appear in § 2512. Any other reading disregards the careful language of this statute.

Beginning with *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir.1985), a number of courts have also reached that conclusion, including: *DIRECTV Inc. v. Cardona*, 275 F.Supp.2d 1357 (M.D.Fla.2003); *DIRECTV Inc. v. Childers*, 274 F.Supp.2d 1287 (M.D.Ala.2003); *DirecTV v. Karpinsky*, 269 F.Supp.2d 918 (E.D.Mich.2003), vacated in part on other grounds on reconsideration, 274 F.Supp.2d 918 (2003); *DIRECTV Inc. v. Thacker*, No. 03–239, Apr. 15, 2003 (M.D.Fla.); *DirecTV Inc. v. Amato*, 269 F.Supp.2d 688 (E.D.Va.2003); *The Ages Group v. Raytheon Aircraft Co., Inc.*, 22 F.Supp.2d 1310 (M.D.Ala.1998). The reasoning of these cases was explained by the *Flowers* court:

> Though § 2520 provides an action for any person whose communication is intercepted, disclosed or used in violation of this chapter ... the language defining the class of persons liable is not comparably broad. The statute expressly limits those against whom the private action lies to the person who intercepts, discloses, or uses ... This language tracks very closely the criminal offense set out is § 2511, whereas the criminal offenses set out in § 2512 are defined in terms as manufacture, assemble, possess and sell. The express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who [acts] in violation of § 2512 but does not engage in conduct violating § 2511.

*Id.* at 588–89.

I find that reasoning persuasive. The statutory scheme lumps "possession" with manufacture and sale of devices, offenses which appear nowhere in § 2512 but on which § 2520 is based. I conclude from the language of the statute as it appears within the statutory scheme as a whole that § 2520 creates no *civil* cause of action for the manufacturers, sellers and possessors of the devices. Those remain purely criminal offences. This interpretation is consistent with the logical import of the statutory scheme as a whole. As noted in *Flowers*,

> Section 2512 appears to have been designed for benefitting the public as a whole by removing such devices from the market. Section 2511 ... is more properly aimed at protecting the particular victim, and indeed, Congress recognized that purpose by expressly providing in § 2520 a private cause of action

for victims of acts made criminal in § 2511.

*Flowers,* 773 F.2d at 589.

It is true that § 2520 has been amended since the *Flowers* court first interpreted it.[1]. In one case that reached the opposite conclusion based on those amendments, the court distinguished *Flowers* on the basis of the 1986 amendments. *Directv Inc. v. Drury,* No. 03–850T17, 2003 WL 22245388 (M.D.Fla. June 26, 2003)(citing additional unpublished cases in addition to those here cited). The *Drury* court believed that the amendment had "eliminated" crucial language on which *Flowers* had relied, namely the language that limited the class of potential defendants.

I do not agree with that characterization of the amendments. While the language defining the class of proper defendants was simplified, that simplification did nothing to broaden the class. Now the statute simply uses "that violation" to refer back to the violations conferring standing, rather than repeating the pertinent violations verbatim. As a result, it remains accurate to note, as the *Flowers* court did, that the class definition in § 2520 "tracks very closely the criminal offenses set out in § 2511" but does not so track—or even include—the language of § 2512.

The majority of courts confronted with this question have, however, reached the opposite conclusion, ruling that there is a cause of action under § 2520 for violations of § 2512. See, e.g., *DIRECTV Inc. v. Bing et al,* No. 03–337 GBC, Aug 27, 2003 (S.D.Ill.); *Directv Inc. v. Perez,* 279 F.Supp.2d 962 (N.D.Ill.2003); *DIRECTV v. Gatsiolis,* No. 03–3534, Aug. 27, 2003 (N.D.Ill.); *DIRECTV Inc. v. Gerke,* No. 03–321, Jul 14, 2003 (W.D.Tex); *DIRECTV Inc. v. Drury,* No. 03–850T17, 2003 WL 22245388 (M.D.Fla.2003)(citing additional unpublished cases in addition to those here cited); *DIRECTV Inc. v. Andy,* No. 03–0836, Jun. 17, 2003 (S.D.Tex); *DIRECTV Inc. v. Garcia,* No. 03–20452, May 21, 2003 (S.D.Fla.); *DIRECTV Inc. v. Calamanco,* No. 02–4102, 2003 WL 21956187 (N.D.Iowa Jan. 21, 2003); *DIRECTV Inc. v. EQ Stuff, Inc.,* 207 F.Supp.2d 1077 (C.D.Cal.2002).

I have reviewed these cases and they do not change my opinion. Many of them contain no analysis at all and are therefore neither helpful nor persuasive. See, e.g. *Bing, Andy, Gerke,* and *Calamanco, supra.*

Others rely on *Oceanic Cablevision, Inc. v. M.D.Elecs,* 771 F.Supp. 1019 (D.Neb. 1991). The *Oceanic* court was confronted with an argument that cable transmissions did not constitute the type of electronic transmissions regulated by this statute. In the course of discussing that issue, the court made the following statement: "Clearly § 2520 only confers a private cause of action upon persons when the action is brought against parties that have violated the provisions of § 2510–2521." That statement, taken out of context and with no further analysis, formed the basis for the court's opinion in *EQ Stuff,* and both *Oceanic* and *EQ Stuff* have formed, at least in part, the basis for several of the above cited cases. I find that *Oceanic* and

---

1. Prior to the 1986 amendments, § 2520 read:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose or use such communications, and (2) be entitled to recover from such person ...

Post amendment, § 2520 reads:

[A]ny person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

the cases relying on it are not pertinent to the issue before this court.

Other cases contain more analysis but are not truly helpful in the instant case. For example, in *Garcia*, the court held that allegations of *both* possession and use authorize a private cause of action. The court did not discuss whether to hold that separate causes of action are available for each violation, so *Garcia* is of no assistance in resolving that issue. Several cases contain more analysis. For example, in *Gatsiolis*[2] and *Perez*, the court (in identical opinions) found that *Flowers* and *Amato* presented "compelling" argument, but nonetheless rejected their interpretation of the Act. The court stated that:

> if the plaintiff can meet [§ 2520's] standing threshold, it can then pursue relief from the appropriate defendant (i.e. "the person or entity . . . which engaged in the violation") for a violation of any of the subsections."

2003 WL 22111097 at *2.

With all due respect, I disagree with that summary of § 2520. By mis-quoting the Act's class definition (using "the violation" instead of "that violation"), the pointed and direct connection between the two parts of § 2520 was missed, resulting in what I believe to be an unintended broadening of the scope of § 2520. The court even acknowledged that its interpretation was "rather broad," justifying that breadth on the "already overextended federal prosecutors" and the desire to leave litigation about private interests to private parties. The court did not discuss the "public vs private interest" distinction made by *Flowers*, a distinction that I find persuasive.

For all of these reasons, I find that DIRECTV's allegations that defendant "possessed" prohibited devices in violation of § 2512(b) does not, standing alone, justify a claim under § 2520. Defendant's alleged "intentional use" of the device is a violation of § 2511, not § 2512, and is thus subsumed in Count 2, which is not affected at all by this ruling. Only his possession of the device forms the basis of Count 3, and that claim is deficient as a matter of statutory interpretation.

Accordingly, defendant's motion to dismiss Count 3 [33–1] is allowed.

---

**2.** Magistrate Judge Cudmore found *Gatsiolis* persuasive, based on his view that § 2520's exclusion of one specific violation [§ 2511(2)(A)(II)] meant that all other subsections were included within the potential violations that give rise to a cause of action under § 2520. While that might be true as to those violations listed in § 2511, it says nothing about the violations listed in § 2512. I respectfully disagree with his conclusion.