**Robert J. MARTELL, Plaintiff**

v.

**SPARROWS POINT SCRAP PROCESSING, LLC, Defendant**

**No. CIV. AMD 01–1264.**

United States District Court, D. Maryland.

Aug. 12, 2002.

Michael Steven Greene, law Offices of Michael Greene, Owings, MD, for Plaintiff.

Robert H. Ingle, III, Gordon Feinblatt Rothman, Hoffberger and Hollander LLC, Baltimore, MD, John C. Artz, Polito and Smock PC, Pittsburgh, PA, for Defendant.

## MEMORANDUM

DAVIS, District Judge.

During his childhood in the 1960s, plaintiff Robert J. Martell suffered a loss of hearing; today he uses hearing aids in both ears. Happily, by his own admission, Martell has regained significant auditory function, e.g., he does not require the use of a hearing aid to communicate by telephone, and according to his audiologist, he enjoys "excellent benefit" from the use of the hearing aids. In March 2000, Martell applied for a job as a crane operator with defendant Sparrows Point Scrap Processing, LLC. After initial pre-employment screening, which included an in-person interview (during which Martell wore his hearing aids), Sparrows Point offered the job to Martell subject to a physical examination. Ultimately, after the physical examination (Martell's hearing having been described as "abnormal"), Sparrows Point withdrew the job offer on the ground that Martell's hearing impairment, even as largely corrected through the use of hearing aids, would pose a significant danger to himself and others in the performance of the essential functions of the job of crane operator in the industrial setting prevailing at the Sparrows Point facility, e.g., noisy environments requiring the use of mobile communication devices in the cab of overhead cranes.

Martell timely exhausted his administrative remedies and filed this lawsuit seeking damages based on, *inter alia,* the employment provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12117, 12203 ("ADA"). Discovery has concluded, Martell has voluntarily withdrawn his state law claims, and now pending is Sparrows Point's motion for summary judgment, which plaintiff has opposed. I have given careful attention to the parties' memoranda and a hearing is not needed. *See* Local R. 105.6. For the following reasons, I am persuaded that there is no dispute of material fact and that defendant is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56. Accordingly, the motion for summary judgment shall be granted.

 The law is well-settled that to establish a violation of the ADA in this failure-to-hire case, Martell must show (1) that he had a disability; (2) that he was qualified for the job of crane operator; and (3) that his disability played a motivating role in Sparrows Point's refusal to hire him. *See Baird v. Rose,* 192 F.3d 462, 466, 470 (4th Cir.1999). In turn, to prove that he is disabled, Martell must satisfy at least

one of the applicable tests set forth in the statute. Specifically, "[a]n individual is disabled under the ADA ... if he or she: (1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Davis v. University of North Carolina,* 263 F.3d 95, 99 (4th Cir.2001) (citations omitted). "The determination of whether a person is disabled is an individualized inquiry, particular to the facts of each case." *E.E.O.C. v. Sara Lee Corp.* 237 F.3d 349, 352 (4th Cir.2001) (citations omitted). Under the above principles, as a matter of law, Martell is not disabled within the meaning of the ADA.

First, Martell does not contend that he is *actually* "substantially limited" in the major life activity of working. Indeed, although Sparrows Point disputes the claim, Martell contends that he has been employed as a crane operator for more than 20 years. In any event, "[i]n order to be substantially limited in the major life activity of working, 'one must be precluded from more than one type of job, a specialized job, or a particular job of choice.' An individual must demonstrate that she is unable to work in a broad range of jobs." *Pollard v. High's of Baltimore, Inc.,* 281 F.3d 462, 471 (4th Cir.2002), *pet. for cert. filed,* 71 U.S.L.W. 3022 (June 24, 2002)(NO. 01–1885). Manifestly, Martell cannot plausibly contend that he is *actually* "unable to work in a broad range of jobs."

Second, by his own admission, as corroborated by his audiologist, Martell plainly is not substantially limited in the major life activity of *hearing.* See *Toyota Motor Mfg., Kentucky, Inc. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002)(" '[S]ubstantially' in the phrase 'substantially limits' suggests 'considerable' or 'to a large degree.' See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2280 (1976) (defining 'substantially' as 'in a substantial manner' and 'substantial' as 'considerable in amount, value, or worth' and 'being that specified to a large degree or in the main'); *see also* 17 OXFORD ENGLISH DICTIONARY 66–67 (2d ed.1989) ('substantial': '[r]elating to or proceeding from the essence of a thing; essential'; '[o]f ample or considerable amount, quantity, or dimensions'). The word 'substantial' thus clearly precludes impairments that interfere in only a minor way with the performance of manual tasks from qualifying as disabilities."). The record shows that Martell can communicate without his hearing aids in some contexts, and that when he uses his hearing aids, he recovers virtually all of his auditory capacity. See *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482, 488–89, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)(holding that corrective measures must be taken into account in assessing the nature of an impairment under the ADA).

Thus, if Martell is to establish that he is disabled, he must project evidence sufficient to establish that he "is regarded as having such an impairment" by Sparrows Point. That is, he must project evidence sufficient if believed to prove that Sparrows Point has made a grievous mistake as to his ability to function in respect to the major life activity of *hearing* or, perhaps, to work "in a broad range of jobs." See *Davis,* 263 F.3d at 99 ("[A] person is 'regarded as' disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment *substantially limits* one or more major life activities.")(emphasis in *Davis*)(citing *Murphy v. United Parcel Service,* 527 U.S. 516, 521–22, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999); 28 C.F.R. § 35.104; 34 C.F.R. § 104.3(j)(2)(iv)(A); 45 C.F.R. § 84.3(j)(2)(iv)(A)). *See also*

*Rhoads v. F.D.I.C.*, 257 F.3d 373, 390 (4th Cir.2001)("[I]n order to demonstrate that she was regarded as disabled, Rhoads was required to show that: (1) her employer 'mistakenly believe[d] that [she] has a physical impairment that substantially limits one or more major life activities,' or (2) her employer 'mistakenly believe[d] that an actual, nonlimiting impairment substantially limits one or more major life activities.' ") (citations omitted).

 Martell's memorandum in opposition to the motion for summary judgment makes a conclusory assertion that Sparrows Point regarded him as disabled, but Martell makes no effort whatsoever to develop this argument or to support it with admissible evidence. This failure is telling; evidently, there is simply no such evidence. To the contrary, the record is clear that Sparrows Point actually offered Martell the job, conditioned on a successful physical examination, and withdrew the offer only after it received a medical report that Martell had "abnormal hearing" and upon a careful assessment by responsible company officials, who concluded that the safety risks were too significant to accept. It may well be that Sparrows Point's risk assessment is poorly calibrated, i.e., that it has erroneously measured the potential for harm if it allowed Martell to work as a crane operator. But such an error is of no consequence; an error in the *assessment of the risk* by Sparrows Point in hiring Martell is not equivalent to an error in the *assessment of Martell's impairment.* As a matter of law, if there was an error here, it was of the former type, not the latter.

Accordingly, for the reasons set forth, the motion for summary judgment shall be granted. An Order follows.

### ORDER

In accordance with the foregoing Memorandum, it is this 12th day of August, 2002, by the United States District Court for the District of Maryland, ORDERED

(1) That the defendant's motion for summary judgment is GRANTED; and it is further ORDERED

(2) That JUDGMENT IS ENTERED IN FAVOR OF DEFENDANT AGAINST PLAINTIFF; and it is further ORDERED

(3) That the Clerk shall CLOSE THIS CASE and TRANSMIT copies of this Order and the foregoing Memorandum to the attorneys of record.