**DIRECTV, INC.**

v.

**Marcella GEMMELL, et al.**

**No. CIV.A. 6:03–0944.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

April 30, 2004.

---

Katherine M Loos, Briney & Foret, Lafayette, LA, for DIRECTV Inc, plaintiff.

Charles H Kammer, III, Shreveport, LA, for Marcella E Gemmell, John Briery, David Copia, Karen Crews, Francis Derouen, David George, Stephen Gordon, All Defendants, defendants.

## MEMORANDUM RULING AND JUDGMENT

MELANCON, District Judge.

Before the Court is a Motion for Partial Summary Judgment filed by Defendant, Marcella Gemmell [Rec. Doc. 30]. For the following reasons, defendant's motion will be granted.

## I. Background

Plaintiff, DIRECTV Inc., is a direct satellite broadcast company that delivers television and other programming signals to subscribers. Plaintiff brought this action against Marcella Gemmell, seeking statutory damages, punitive damages, costs and attorney's fees, and injunctive relief. Plaintiff alleges that defendant intercepted plaintiff's satellite transmissions of its programming through the use of a pirate access device.

Plaintiff's complaint asserts five Counts against the defendant: (1) Count I of the complaint, in which plaintiff alleges that defendant violated 47 U.S.C. § 605 (the Cable Communications Policy Act) and seeks damages, costs, and attorney's fees as a party aggrieved by defendant's violation of the Act; (2) Count II of the complaint, in which plaintiff alleges that defendant, through the use of a pirate access device, "intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavored to intercept" plaintiff's transmission of its programming, in violation of 18 U.S.C. § 2511(1)(a); (3) Count III of the complaint, in which plaintiff alleges that defendant "manufactured, assembled, distributed, sold, and/or possessed pirate access devices, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of wire or electrical communications", in violation of 18 U.S.C. § 2512; (4) Count IV of the complaint, in which plaintiff alleges that defendant "knowingly manufactured, assembled, or modified an electronic, mechanical, or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the unauthorized decryption of Satellite Programming ....", in violation of 47 U.S.C. § 605(e)(4); and

(5) Count V of the complaint, in which plaintiff alleges that defendant violated common law conversion laws.

Defendant Marcella Gemmell requests dismissal with prejudice of Count III of DIRECTV's complaint under 18 U.S.C. § 2512 on the basis that the statute does not provide a civil cause of action, because the plaintiff has failed to demonstrate that defendant actually intercepted plaintiff's broadcast transmissions. Defendant additionally requests that this Court make a finding of law requiring the plaintiff to demonstrate that its electronic transmissions were actually intercepted in order to support a claim for damages under 47 U.S.C. § 605.

### Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994) (*en banc*). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of estab-

lishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Little,* 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed.R.Civ.P. 56(c); *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

In the case at bar, the summary judgment standard does not turn on the presentation of evidence, but rather on the interpretation of statutory language. The Court must determine whether a private cause of action exists under the statutes in question, 18 U.S.C. § 2512(1)(b) and 18 U.S.C. § 2520. The resolution of this issue of statutory interpretation does not require the presentation of evidence. *Peavy v. WFAA–TV, Inc.,* 221 F.3d 158, 168 (5th Cir.2000).

### III. Analysis

#### A. Private Right of Action Under 18 U.S.C. § 2512(1)(b)

Gemmell urges the Court to dismiss Count III of plaintiff's complaint, asserting that § 2512(1)(b) does not create a civil cause of action. The decision to grant summary judgment as to this Count will turn on an interpretation of the language of Section 2512.

Section 2512 reads as follows:

§§ 2512. **Manufacture, distribution, possession, and advertising of wire, oral, or electronic communication intercepting devices prohibited.**

(1) Except as otherwise specifically provided in this chapter [18 U.S.C. § § 2510 et seq.], any person who intentionally-

(a) sends through the mail, or sends or carries in interstate or foreign commerce, any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications;

(b) **manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce;** or

(c) places in any newspaper, magazine, handbill, or other publication or disseminates by electronic means any advertisement of—

(i) any electronic, mechanical, or other device knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications; or

(ii) any other electronic, mechanical, or other device, where such advertisement promotes the use of such device for the purpose of the surreptitious interception of wire, oral, or electronic communications, knowing the content of the advertisement and knowing or having reason to know that such advertisement will be sent through the mail or transported in interstate or foreign commerce,

**shall be fined under this title or imprisoned not more than five years, or both.**

(2) It shall not be unlawful under this section for—

(a) a provider of wire or electronic communication service or an officer, agent, or employee of, or a person under contract with, such a provider, in the normal course of the business of providing that wire or electronic communication service, or

(b) an officer, agent, or employee of, or a person under contract with, the United States, a State, or a political subdivision thereof, in the normal course of the activities of the United States, a State, or a political subdivision thereof,

to send through the mail, send or carry in interstate or foreign commerce, or manufacture, assemble, possess, or sell any electronic, mechanical, or other device knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications.

(3) It shall not be unlawful under this section to advertise for sale a device described in subsection (1) of this section if the advertisement is mailed, sent, or carried in interstate or foreign commerce solely to a domestic provider of wire or electronic communication service or to an agency of the United States, a State, or a political subdivision thereof which is duly authorized to use such device.

18 U.S.C. § 2512(1)(b) (emphasis added).

 The starting point for interpretation of a statute is the language of the statute itself. *Bolen v. Dengel,* 340 F.3d 300, 309 (5th Cir.2003). If the language of a statute is plain and unambiguous, the Court's inquiry begins and ends with the plain language of the statute. *Thompson v. Goetzmann,* 337 F.3d 489, 495 (5th Cir. 2003).

Although the plain language of Section 2512(1)(b) demonstrates that it is a criminal statute, plaintiff asserts that a private right of action exists for violations of Section 2512(1)(b) pursuant to 18 U.S.C. § 2520(a). Section 2520(a) provides, in relevant part, that "any person whose wire, oral, or electronic communications is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action ... recover from the person ... which engaged in that violation ..." 18 U.S.C. § 2520(a). The Court must now determine whether Section 2520(a) affords a private right of action for violations of § 2512(1)(b).

The issue of whether a private cause of action exists under 18 U.S.C. § 2512(1)(b) has been directly addressed by the United States Court of Appeals for the Fourth Circuit. *See Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir.1985). In *Flowers*, plaintiffs brought a private cause of action under Section 2512(1)(b), seeking damages for interception of wireless communications. *Id.* at 588. Citing Section 2512, plaintiffs alleged that defendants possessed and sold devices primarily useful for intercepting wireless communications, but did not allege that defendants actually intercepted communications with the devices nor procured any other person to do so. *Id.*

In *Flowers*, the Court of Appeals for the Fourth Circuit examined the language of Section 2520(a) and concluded that the section did not provide a private cause of action for a violation of § 2512(1)(b). *Id.* at 588. Section 2520(a) plainly states that private actions lie as to those persons who intercept, disclose, use, or procures any other person to intercept, disclose, or use such communications. 18 U.S.C. § 2520(a). The language of this section does not reference the proscriptions of Section 2512(1)(b), which apply to the manufacture, sale, or possession of a device primarily useful for the interception of wireless communications. *Flowers*, 773 F.2d at 588–89. The *Flowers* court thus held that Section 2520 does not confer a private right of action for a violation of Section 2512(1)(b).

Although the Wiretap Act was amended shortly after the *Flowers* decision, the amendment altered the previous language of Section 2520(a) only slightly.[1] While no federal circuit court has yet addressed the existence of a private right of action under Section 2512 pursuant to the amended Section 2520, many district courts have considered the issue. Defendant cites a number of district court cases which have held that a plaintiff does not have a private cause of action under 2520 based solely on allegations that the defendant possessed

---

1. At the time that *Flowers* was decided, Section 2520 provided, in pertinent part, as follows:

 Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from such person ...

 18 U.S.C. § 2520(as amended by Pub.L. 91–538, Title II, § 211(c). July 29, 1970). Prior to the amendment, the Act allowed a civil action based on third-party liability. *Id.* With the deletion of the language "or procures any

other person to intercept, disclose, or use such communications", the victim of any such crime can no longer utilize Section 2520 to sue the maker or seller of an otherwise lawful device that is used to commit a wiretapping crime.

Currently, the section reads as follows:

... any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a) (Supp.2000).

the equipment described in the amended Section 2512. *Defendant's Motion for S.J.*, at 8.

In *Ages Group v. Raytheon Aircraft Co.*, the United States District Court for the Middle District of Alabama considered the plaintiff's allegation that defendant possessed electronic surveillance equipment in violation of Section 2512, which plaintiff asserted in support of its private cause of action under Section 2520. 22 F.Supp.2d 1310, 1315 (M.D.Ala.1998). Noting that plaintiff demonstrated that defendant possessed the pirating equipment while failing to show evidence of actual interception of plaintiff's electronic communications, the Court entered summary judgment in favor of defendant on the basis that "possession of equipment will not support a separate claim" under Section 2520. *Id.* at 1315. District courts that have recently addressed the issue in the context of DI-RECTV suits have continued to rely on *Flowers* to hold that a private right of action under Section 2520 will not lie where a plaintiff has demonstrated only possession of a device in violation of Section 2512.[2] In these cases, the analysis set forth in *Flowers* and *Ages* prevailed, precluding DIRECTV's damages claims based on violations of Section 2512.

Plaintiff directs the Court's attention to seven cases cited in support of its assertion that Section 2520 confers a private right of action for a violation of Section 2512. Three of the cases cited by plaintiff are unpublished district court rulings denying Rule 12(b)(6) motions for failure to state a claim. *DIRECTV v. Gerke*, No. A-03–CV–321–JN (W.D. Tex., filed July 14, 2003); *DIRECTV v. La Andy*, No. H–03–836 (S.D. Tex., filed on June 17, 2003); *DIRECTV v. Calamanco*, No. 02–4102–MWB 2003 WL 21956187 (N.D. Iowa, filed on Jan. 21, 2003). Plaintiff cites four cases in which district courts addressed *Flowers* but found a private right of action against one who possessed a "wiretapping device" in violation of Section 2512. *See Oceanic Cablevision v. M.D. Elec.*, 771 F.Supp. 1019, 1022 (D.Neb.1991); *DIRECTV v. Gatsiolis,* No. 03–cv–3534, 2003 U.S. Dist. LEXIS 15801 (N.D.Ill. August 27, 2003); *DIRECTV v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077, 1084 (C.D.Ca.2002); *DIRECTV v. Garcia*, No. 03–20452–CIV (S.D. Fla., filed on May 21, 2003).

In *DIRECTV v. EQ Stuff*, a ruling on a Rule 12(b)(6) motion that considered *Flowers* and *Ages*, the United States District Court for the Central District of California dismissed both cases as "unpersuasive" in a footnote. *EQ Stuff*, 207 F.Supp.2d at 1084. In *Oceanic Cablevision*, the United States District Court for District of Nebraska held that a private right of action exists under Section 2520 for the sale of pirate access devices in violation of Section 2512 because "the 1986 amendments to §§ 2510–2521 broadened § 2512 to prohibit the selling of devices capable of use in the surreptitious acquisition of electronic

---

**2.** *DIRECTV v. Rendueles*, No. 8:03–CV–1053–T–24–MSS, 2003 U.S. Dist. LEXIS 23678 (M.D.Fla. August 27, 2003); *DIRECTV v. Treworgy*, No. 2:03–CV–428–Ftm–29SPC, 2003 U.S. Dist. LEXIS 23681 (M.D.Fla. August 8, 2003); *DIRECTV v. Childers*, 274 F.Supp.2d 1287 (M.D.Ala.2003); *DIRECTV v. Amato*, 269 F.Supp.2d 688 (E.D.Va.2003); *DIRECTV v. Beecher*, 296 F.Supp.2d 937 (S.D.Ind.2003); *DIRECTV v. Smith*, 2:03–cv–448, 2004 U.S. Dist. LEXIS 5199 (S.D.Ohio March 31, 2004); *DIRECTV v. Frey*, No. 03–C–3476, 2004 WL 813539, 2004 U.S. Dist. LEXIS 6366 (N.D.Ill. Apr.14, 2004); *DIRECTV v. Rath*, No. 03–C–50299, 2004 WL 793544, 2004 U.S. Dist. LEXIS 6151 (N.D.Ill. Apr.12, 2004); *DIRECTV v. Boggess*, 300 F.Supp.2d 444 (S.D.W.Va.2004); *DIRECTV v. Cope*, 301 F.Supp.2d 1303 (M.D.Ala.2003); *DIRECTV v. Hosey*, 289 F.Supp.2d 1259 (D.Kan.2003); *DIRECTV v. Terry*, No. Civ. A.2:03–cv–0137–J, 2004 WL 350480, 2003 U.S. Dist. LEXIS 1105 (N.D.Tex. Jan. 29, 2004).

communications." 771 F.Supp. at 1028. In *Gatsiolis,* the United States District Court for the Northern District of Illinois based its conclusion in favor of a private right of action under Section 2512 on a determination that a broad interpretation of Section 2520 would increase the deterrent effect of the wiretapping provisions. *Gatsiolis,* 2003 WL 22111097, *1, 2002 U.S. Dist. LEXIS 15801, at *2. This Court respectfully disagrees with the holdings in the cited cases on the basis of the plain language of the amended Section 2520 which the Court construes to expressly limit private rights of action to a plaintiff aggrieved by the actual interception of its electronic communications.

Having reviewed the amended Wiretap Act and the growing number of district court cases directly addressing this issue, the Court concludes that the statutory amendments to Sections 2510–2521 have not altered the holding of *Flowers.* Section 2520 provides a private cause of action for the actual interception of wireless communications. *See Flowers,* 773 F.2d at 588–89; *Ages Group,* 22 F.Supp.2d at 1315. Section 2512 proscribes only the manufacturing, distribution, and possession of a device primarily useful for the interception of wireless communications, and does not address actual interception. For this reason, the Court will dismiss Count III of DIRECTV's complaint with prejudice. It should be noted that Count II of DIRECTV's complaint remains because Section 2520 provides a private cause of action as to 47 U.S.C. § 2511, the section which proscribes the actual interception of electronic communications.

### B. Civil Action Under 47 U.S.C. § 605

■ Defendant has requested that the Court make a finding of law that the mere possession, receipt, and/or purchase of wiretapping equipment is insufficient to support a cause of action under 47 U.S.C. § 605, and requiring that DIRECTV prove that each defendant actually used the equipment at issue to intercept its electronic communications. Defendant is charged in Count I with a violation of Title 47 U.S.C. § 605(a), which provides in pertinent part:

no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such commu-

nication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. This section shall not apply to the receiving, divulging, publishing, or utilizing the contents of any radio communication which is transmitted by any station for the use of the general public, which relates to ships, aircraft, vehicles, or persons in distress, or which is transmitted by an amateur radio station operator or by a citizens band radio operator.

47 U.S.C. § 605(a). Title 47 U.S.C. § 605(e)(3)(a) provides that any "person aggrieved by any violation of subsection (a) ... may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 605(e)(3)(a).

Defendant asserts that DIRECTV has not presented evidence to demonstrate that defendant actually used the equipment it allegedly possessed to intercept a satellite transmission. *Defendant's Motion for S.J.*, at 11–12. Defendant urges the Court to make a finding of law holding that plaintiff must produce proof that defendant "actually used" the pirate device he allegedly purchased to receive or intercept the plaintiff's electronic communications. Liability under Section 605 requires proof that a defendant has (1)intercepted or aided the interception of, and (2)divulged or published, or aided the divulging or publishing of, a communication transmitted by the plaintiff. *California Satellite Sys. v. Seimon*, 767 F.2d 1364, 1367 (9th Cir.1985). As plaintiff points out in its Memorandum in Opposition, computer records that show the purchase and installation of equipment designed to unlawfully intercept electronic communications will suffice to create a rebuttable presumption of a violation of Section 605. *Community Television Sys. v. Caruso*, 284 F.3d 430, 436 (2nd Cir.2002). The Court finds as a matter of law that a plaintiff must demonstrate the violation of Section 605 by setting forth the evidence of actual interception. *See California Satellite Systems*, 767 F.2d at 1367. However, circumstantial evidence may be acceptable for this purpose. *See Community Television Systems*, 284 F.3d at 436.

## JUDGMENT

In accordance with the Memorandum Ruling issued on this date,

IT IS ORDERED that the motion for partial summary judgment filed by defendant Marcella Gemmell [Rec. Doc. 30] is GRANTED, and Count III of plaintiff's complaint is dismissed with prejudice.